**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 3 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50212 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-02939-LAB |
| v. | |
| DAVID EDUARDO BERNAL-RIVAS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted June 26, 2017[**]

Before: PAEZ, BEA, and MURGUIA, Circuit Judges.

David Eduardo Bernal-Rivas appeals from the district court's judgment and

challenges the 65-month sentence imposed following his guilty-plea conviction for

importation of methamphetamine, in violation of 21 U.S.C. §§ 952 and 960. We

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

Bernal-Rivas contends that the district court erred by denying his request for a minor role adjustment under U.S.S.G. § 3B1.2. He argues that the court (1) assumed that couriers are average participants, which improperly required him to demonstrate that he was less culpable than the average courier; (2) did not consider all of the likely participants in the offense when conducting its comparative analysis; (3) misinterpreted the five factors relevant to the minor role determination; and (4) relied on case law that was superseded by the 2015 amendment to the minor role Guideline. We review de novo the district court's interpretation of the Guidelines. *See United States v. Quintero-Leyva*, 823 F.3d 519, 522 (9th Cir. 2016).

The record reflects that the court properly compared Bernal-Rivas to his co-participants in the offense. *See id.* at 523. The court not only compared Bernal-Rivas to the two co-participants he identified, but also considered his role in the overall smuggling hierarchy. The court's observation that Bernal-Rivas's lack of knowledge of the details of the smuggling scheme and lack of an ownership interest in the drugs rendered him an "average" participant does not reflect that the court was comparing him to the typical courier. The record also reflects that the court properly applied the five newly enumerated factors, as well as other considerations, to determine whether Bernal-Rivas played a minor role in the offense. *See* U.S.S.G. § 3B1.2 cmt. n.3(c); *Quintero-Leyva*, 823 F.3d at 523

2

(because the five factors are non-exhaustive, "a district court may also consider other reasons for granting or denying a minor role reduction"). Contrary to Bernal-Rivas's claim, the district court did not apply this court's precedent in any way that conflicts with the 2015 amendment to the minor role Guideline.

**AFFIRMED.**

16-50212